KIMBALL versus KENNEBEC AND PORTLAND RAIL ROAD CO.

County Commissioners' appraisement of the damage done to an individual by the location of a rail road across his land, may be revised by a jury, as well upon the application of the Rail Road Corporation as upon that of the land owner.

ON FACTS AGREED.

DEBT on a judgment, alleged to have been rendered by the Court of County Commissioners for $2500.

The defendants located their rail road across the land of the plaintiff, who applied to the County Commissioners for an appraisement of his damages. The Commissioners awarded therefor the sum of $2500, to be paid by the defendants, and the award was accepted and recorded.

Afterwards, at the proper term of the County Commissioners' Court, the defendants applied for the empannelment of a jury to revise said appraisement, and to reässess the plaintiff's damages. A jury was accordingly empannelled, before whom the plaintiff appeared and filed an objection to the proceedings on the ground, " that the amount of damages was not a question, open to the defendants, and that the jury had no jurisdiction to revise the amount, inasmuch as the defendants were concluded by the Commissioners' award."

The jury, however, proceeded and rendered a verdict of $1500 for the plaintiff, which verdict was returned to the Court, and, though objected to, was accepted and recorded, and the amount thereof was ordered by the Commissioners to be paid by the defendants to the plaintiff. Afterwards the plaintiff demanded the $2500, which had been awarded by the Commissioners, and brought this suit to recover the same.

If this Court shall be of opinion, that the assessment by the Commissioners and their acceptance of the same, are conclusive upon the defendants, and that the action of the jury was unauthorized, judgment on default is to be entered for the $2500 with interest; but if the Court shall consider that the defendants had the right to a revision of the damages by the jury, a nonsuit is to be entered.

*Allen* and *Paine*, for the plaintiff.

The damages having been "ascertained and determined" by the County Commissioners, the defendants could have no right to appeal or to demand a jury.

By R. S. c. 81, § 3, the damages are to be *ascertained* and *determined* by the County Commissioners. That section provides that, (when the parties cannot agree,) " the damages shall be *ascertained* and *determined* by the County Commissioners, under the *same conditions* and *limitations* as are by law provided in case of damages by laying out *highways*."

To "ascertain and determine," is to settle definitively. Webster's Dictionary.

What then are the conditions and limitations under which the Commissioners are to settle definitively the damages by laying out highways ? R. S. c. 25, § 5, 6, 7, 8.

The only condition or limitation is, that the land owner has a right to call a jury.

The term highway is defined in R. S. c. 1, § 3, as equivalent to " county road" or " county way."

A county road or county way is one laid out by the County Commissioners, the county being liable for damages. *Goodwin* v. *Hallowell*, 12 Maine, 271.

If the county cannot have a jury in case of highways, so neither can a rail road company. But a county cannot have a jury, —

1. Because the county itself, by its own agents, locates the road and estimates the damage. The county is therefore estopped ; it cannot be aggrieved by its own doings, the doings of its agent.

2. A county was not designed to be included in R. S. c. 25, § 5.

3. Jurors would all be interested in favor of the county.

4. A county has a more efficient remedy, by a discontinuance of the road.

There has been no such practice as a county calling for a jury.

A rail road company, as the party to pay the damages, re-

sembles a county, and can, by the statute, have no greater rights. In no case, can a jury be called, except to give an *increase* of damages. The defendants' application was for a *decrease.*

A rail road company, like a county, may change its locations, to avoid the payment of excessive damages. R. S. of Massachusetts, c. 39, § 55, 56, 57.

The statute authorizes a jury only upon the call of some party "aggrieved." This obviously extends only to owners of lands taken. True, it speaks of "any town or other corporation" aggrieved. Whatever right is here given to the town, is where the road is laid over land belonging to the town. No corporation, except a county, can be aggrieved by a high assessment of damages. The taking of the plaintiff's land was at the option of the defendants. If too costly, they needed not to take it, or they may alter their location. The plaintiff has no such option. He is not consulted. He must lose the land at all events.

As the right to demand a jury is not given by statute, so it does not arise by any implication of law. A jury thus called is wholly unlike the jury of a common law court to ascertain facts. It has no facts to pass upon. To understand the language in question, some aid may be had by referring to statute of 1832, c. 564, § 1; statute of 1831, c. 500, § 5. In cases of turnpikes, the right to a jury is given to "either party." R. S. c. 80, § 5. The omission to express the right in cases of rail roads, furnishes an implication, that it was not designed to be given.

The defendants had no lands over which a road was to be laid. It was therefore unnecessary to provide a remedy for them. Without determining what might be the extreme rights of land owners, it is sufficient for us, in this suit, to show that the right to a jury does not belong to a rail road company. And such a company cannot complain, for they proceed by their choice, upon such powers only as the Legislature has consented to give them.

*Evans* and *J. H. Williams,* for the defendants.

SHEPLEY, C. J. — The question presented is, whether a rail road corporation has a right, by way of petition and appeal from a decision of County Commissioners, to have a jury determine the amount of damages to be paid for lands taken for the road.

By the provisions of the statute, c. 81, § 3, the damages are to be determined by the County Commissioners "under the same conditions and limitations as are by law provided in case of damages by laying out highways." The damages occasioned by laying out highways are to be determined by County Commissioners, and all persons aggrieved by their decision may present a petition and have a jury estimate them. And "any town or other corporation aggrieved by the estimate of the Commissioners shall be entitled to a similar remedy by a jury." Ch. 25, § 3, 5, 8.

It is insisted, that no town or other corporation can be aggrieved by the assessment of damages for lands taken by laying out highways, unless it owned the lands, for no corporation but a county is liable to pay them, and a county cannot be aggrieved by a decision of its own agents, more especially as those agents, after a jury has decided upon the amount of damages to be paid, may prevent any liability for payment by determining, that the highway shall not be laid out.

Admitting the full force of this argument it will not prove, that a town or other corporation than a county would not be aggrieved, and therefore be entitled to a jury, if it were liable to pay damages for land taken for a highway. If the law requiring counties to pay the damages were repealed and towns, as formerly, were required to pay the damages for lands taken within them, they might be aggrieved by an over estimate of damages and have the right to a jury to determine, whether that estimate should not be diminished. The fact, that no application has or can be sustained under the provisions of the statute, c. 25, for a diminution of damages by laying out highways, because no such corporation by the existing laws can be aggrieved by an over estimate, is not conclusive against the right of a corporation to do it, made

liable by c. 81 to pay the damages occasioned by taking land for a rail road, and therefore liable to be aggrieved by an over estimate of damages.

A reference appears to have been made by the provision in statute c. 81, to that in c. 25, to determine under what circumstances and by what course of proceeding a jury might be had, rather than to determine, who might be considered to be aggrieved.

The *constitution* having provided, that in all controversies concerning property the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practised, it cannot be supposed, that the Legislature intended by that reference to prevent a rail road, that might be aggrieved, from having an estimate made by a jury, because a corporation, whose land was not taken for a highway and whose property was not liable to be taken for payment of damages and which could not therefore be aggrieved, was not entitled to have such an estimate made.

It was not the purpose of the sixth section of c. 25, to determine, that no petition for a diminution of damages should be sustained, but to prescribe the course to be pursued by the Commissioners, when a petition for an increase of damages was presented. That section might remain unaffected, if towns instead of counties were made liable to pay the damages and might therefore be aggrieved and entitled to maintain a petition and have a jury determine, whether the amount assessed by the County Commissioners should not be diminished.

One of the conditions and limitations referred to being, that any party, town or other corporation aggrieved by the estimate of damages made by the Commissioners may by petition be entitled to a jury, it only remains to show, that a rail road corporation has been thus aggrieved to bring it within the provision.

The failure of the argument against it is found in its inability to show, that a rail road corporation must be in the same position and have the same rights as a county or other

corporation, which cannot be aggrieved, when the railroad corporation may be aggrieved. *Plaintiff nonsuit.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.